UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Crim. No. 2:89-cr-00024-GZS |
| | ) |
| GERMAIN RAMIREZ-FERNANDEZ, | ) |
| | ) |
| Defendant. | ) |

**ORDER VACATING PRIOR ORDER
AND MOOTING MOTION APPEALING DECISION**

On September 17, 2010, Ramirez-Fernandez filed a motion to vacate, set aside or correct sentence relating to his November 16, 1989, conviction for conspiracy to possess with the intent to distribute in excess of 500 grams of cocaine. A preliminary review of this court's electronic docket revealed that on February 3, 2010, the First Circuit Court of Appeals denied Ramirez-Fernandez leave to file a second or successive § 2255 motion. Furthermore our docket indicates that in 1999 Ramirez-Fernandez filed a 28 U.S.C. § 2255 motion. (Doc. No. 147.) The docket entries indicate that Magistrate Judge Cohen, employing the procedures that were utilized at that time[1], terminated the motion and forwarded the petition to the United States Court of Appeals for consideration as a second or successive motion. Thus, it appeared to me that the petition filed on September 17, 2010, was at least a third petition pursuant to § 2255. I could make no further determinations without consulting the manual docket which is not available on our electronic

---

[1] Prior to my involvement with processing 28 U.S.C. § 2255 motions in this District and after the passage of the Antiterrorism and Effective Death Penalty Act, it was the initial practice to simply terminate these sorts of petitions and forward them to the appeals court for review. With expanding case law it has been determined that the better course of action is for the District Court to review all such motions in the first instance and determine if they are indeed truly second or successive motions. See United States v. Barrett, 178 F.3d 34, 40-41 (1st Cir. 1999); id. at 41 n.1 ("Several circuits have mandated transfer, pursuant to 28 U.S.C. § 1631, rather than dismissal."); Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) (reviewing an order of dismissal from the District Court based upon lack of subject matter jurisdiction as a final and appealable order). see also In re Sims, 111 F.3d 45, 47 (6th Cir.1997) (per curiam); Coleman v. United States, 106 F.3d 339, 341 (10th Cir.1997) (per curiam); Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir.1996) (per curiam).

case filing system.

I then entered an order striking the motion to vacate (Doc. No. 172) and Ramirez-Fernandez responded by filing a motion appealing my order striking the motion to the United States District Judge. After reviewing his "motion to appeal" it became apparent to me that the judge assigned to this case would need to delve into the background of this matter in order to fully respond to the arguments made by petitioner in his "appeal." I realize that my order striking the motion is case dispositive in one respect and, thus, the order itself may have exceeded my authority as a United States Magistrate Judge. Therefore, I am vacating the order entered on September 20, 2010, rendering moot the motion appealing that decision. (Doc. No. 173). Ramirez-Fernandez's motion to vacate is reinstated to the docket and will be processed as every other such motion is handled in this district.

When I complete my initial review of the pleadings I will either issue an order to answer or a recommended decision in support of a summary dismissal for consideration by the District Court Judge who has been assigned to the case. In either case the record will be clear and petitioner and the United States will both have the opportunity to appeal whatever recommended decision I ultimately enter.

*So Ordered.*

October 1, 2010.    /s/ Margaret J. Kravchuk
U.S. Magistrate Judge