UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Crim. No. 2:89-cr-00024-GZS |
| | ) | Civil No. 2:10-cv-00392-GZS |
| GERMAIN RAMIREZ-FERNANDEZ, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

On September 17, 2010, Ramirez-Fernandez filed a motion to vacate, set aside, or correct his sentence relating to his November 16, 1989, conviction for conspiracy to possess with the intent to distribute in excess of 500 grams of cocaine. Ramirez-Fernandez received a 460-month sentence.

On February 3, 2010, the First Circuit Court of Appeals denied Ramirez-Fernandez leave to file a second or successive 28 U.S.C. § 2255 motion. Initially I entered an order striking this motion to vacate (Doc. No. 172) and Ramirez-Fernandez responded by filing a motion appealing my order striking the motion. Subsequently I reinstated Ramirez-Fernandez's motion to vacate to the docket. I now recommend that the Court dismiss this motion based upon lack of jurisdiction in light of the following procedural history and governing First Circuit law.

The First Circuit Court of Appeals affirmed Ramirez-Fernandez's conviction on December 21, 1990. See United States v. Zuleta-Alvarez, 922 F.2d 33 (1990). The United States Supreme Court denied his petition for writ of certiorari on May 13, 1991. Ramirez-Fernandez v. United States, 500 U.S. 927, 59 USLW 3770 (1991) (unpublished). Ramirez-Fernandez filed his first 28 U.S.C. § 2255 motion on March 26, 1993. (See Civ. No. 93-68-P-F (D. Me.) This motion was dismissed without prejudice per a July 21, 1993, order. (Id. Docket

No. 13.) On April 22, 1996, Ramirez-Fernandez filed another 28 U.S.C. § 2255 motion. (Civ. No. 96-112-P-F (D. Me. ).) On October 21, 1996, Magistrate Judge Cohen entered a recommended decision. (Crim. No. 08-24-P-S (D. Me.), Docket No. 125.) District Court Judge Carter adopted that decision on December 9, 1996 (id. Docket No. 128), and an amended judgment entered as a consequence as there was agreement that Ramirez-Fernandez's term of supervisory release was too long. Furthermore our docket indicates that in 1999 Ramirez-Fernandez filed another 28 U.S.C. § 2255 motion that was ordered transferred to the First Circuit. (Docket No. 147; Civ. No. 99-190-P-C.) Subsequently he may have filed a motion with the First Circuit to file this 1999 petition as a second or successive § 2255 motion. There are two docket entries following this aborted filing in this court. One docket entry is an order of the United States Court of Appeal stating that an application was denied with the entry being that a 28 U.S.C. § 2255 proceeding may not be used to raise purely pecuniary issues. (Docket No. 149.) A mandate issued from the First Circuit, appearing on our criminal docket on June 19, 2000, dismissing the case for failure to prosecute. (Docket No. 156.) It appears from the District of Maine's skeletal pre-ECF electronic docket that this Court never entered an order on the merits of that motion as it was transferred to the First Circuit based on the premise that the District Court was not the proper forum to make the second or successive determination.[1]

On December 18, 2009, Ramirez-Fernandez filed a petition for permission to file a second or successive motion to vacate with the First Circuit Court of Appeals. (No. 09-2702 (1st Cir.).) The First Circuit denied this application on February 2, 2010, observing: "The petitioner's evidence, even if true and previously unavailable, would have no bearing on whether

---

[1] It may be possible to obtain the actual paper records from archives. I have not taken that step because I have concluded that the most recent decision by the First Circuit Court of Appeals dictates the treatment of this § 2255 motion at the trial court level irrespective of the contents of that prior filing. Potentially, the real significance of that motion -- which was never adjudicated on its merits because the First Circuit concluded that it was a noncognizable § 2255 claim -- is that it was filed <u>after</u> Ramirez-Fernandez's amended judgment entered.

2

a reasonable fact finder would have found him guilty of the underlying drug offense.  28 U.S.C. § 2255(h)(1)."  (Id. Feb. 2, 2010, Docket Entry; Crim. No. 08-24-P-S, 1st Cir. Mandate at 1, Doc. No. 170.)  Ramirez-Fernandez moved for a panel rehearing and rehearing on banc (No. 09-2702, Mar. 8, 2010, Docket Entry) and that request was denied on April 20, 2010, with an order indicating that the "denial of a request to file a successive § 2255 petition is not subject to rehearing or rehearing en banc" (id. Apr. 20, 2010, Docket Entry).

In his December 18, 2009, petition for permission to file a successive petition Ramirez-Fernandez relied solely on 28 U.S.C. § 2255(h)(1) which provides:  "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain… newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."  28 U.S.C. § 2255(h)(1) (emphasis added).

In that First Circuit motion Ramirez-Fernandez explained that after twenty years of incarceration he finally convinced the Cuban government to certify that as of July 9, 2009, Germain Ramirez-Sanchez does not have any criminal record or prior convictions in Cuba.  (No. 09-2702 (1st Cir.), Dec. 18, 2009, Pet. at 3.)  The reason he could not bring this evidence to bear on his sentence earlier was because of the external impediment of the Cuban government's refusal to provide the documentation at an earlier date.  (Id.)  Ramirez-Fernandez stated that he was seeking resentencing at a base offense level of 40 to 42.  (Id. at 4.)  He explained:

> The basis for the other criminal conduct taken into consideration by the Court to increase Movant an additional two level enhancement pursuant to U.S.S.G. 4A1.3, was the Court's reliability on information provided by the Los Angeles County Probation Department's presentence report that gives credence to members of the community who related that the defendant was in a Cuban jail for murder.

(Id. at 5.) Ramirez-Fernandez insists that he argued from the get go that the accusation concerning a murder incarceration in Cubsan was untrue. Thus, the claim is not a "new claim" in the context of this case. The sentencing judge rejected his claim. Read liberally however, this current articulation of his claim potentially raises a newly discovered evidence concern that his sentence is otherwise subject to collateral attack and correction within the meaning of 28 U.S.C. § 2255(a) and that the facts supporting this claim in the form of corroboration from the Cuban government had only been discovered through the exercise of due diligence within one year of the date on which the petition was filed within the meaning of 28 U.S.C. § 2255(f)(4).

In his current pleadings before this court, Ramirez-Fernandez is relying on 28 U.S.C. § 2255(f)(4) which keys the one-year limitation for non-second or successive 28 U.S.C. § 2255 motions to "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). In his motion he reiterates that he has finally received the above described documentation from the Cuban government and summarizes the history of his efforts to get the First Circuit to certify a successive motion. (Request for Habeas Corpus at 2-4, Doc. No. 171-2.) Ramirez-Fernandez complains that the First Circuit "should have sua sponte informed Movant that he pleaded a debatable issue under the wrong application of law" and adds that he did not originally characterize his motion as being brought under § 2255(f)(4) "for an issue that began running 21 years ago." (Id. at 4.) Ramirez-Fernandez made a similar appeal to the First Circuit in his motion seeking rehearing. (See Crim. No. 8-24-P-S (D. Me.) Doc. No. 171-1 at 45-46.)

Ramirez-Fernandez clearly believes that he can proceed under § 2255(f)(4) even though his first § 2255 motion that was adjudicated on the merits was final almost fourteen years ago with the amended judgment entering on December 17, 1996. I am cognizant that he believes that

the First Circuit overlooked the potential that he could avail himself of § 2255(f)(4) when adjudicating his motion even though that application was clearly framed as a petition for permission to file a second or successive motion to vacate with the First Circuit Court of Appeals. In the face of the First Circuit's February 2, 2010, determination I conclude that this court lacks jurisdiction to consider this motion, see <u>Munoz v. United States</u>, 331 F.3d 151, 153 (1st Cir. 2003), and the motion should be dismissed accordingly.

However, should the Court agree with this conclusion and should Ramirez-Fernandez file a motion for a certificate of appealability of that judgment, this may be an instance in which the Court would grant this request. As the procedural history set forth above reflects, Ramirez-Fernandez's 1996 motion filed pursuant to § 2255 resulted in an amended judgment with respect to his term of supervised release. This amended judgment entered after Judge Carter adopted Magistrate Judge Cohen's recommendation on the § 2255 motion. Although Ramirez-Fernandez has not articulated his 28 U.S.C. § 2255(f)(4) claim in these terms, an argument could be made -- based on the various elements of the plurality and dissent discussions in <u>Magwood v. Patterson</u>, 561 U.S. __, 130 S.Ct. 2788 (2010) -- that that 1996 amended judgment opened the door for Ramirez-Fernandez to challenge his entire sentence in this court under subsection (f)(4) based on his newly discovered evidence. His 1999 petition, potentially the first petition challenging this "new" judgment, was never adjudicated on the merits. It appears that Ramirez-Fernandez did not frame his argument to the First Circuit in this fashion. I view the First Circuit's 28 U.S.C. § 2255(h) determination as binding on this Court.[2] That said, the Second Circuit has just issued

---

[2] Justice Kennedy issued a thoroughgoing dissent in <u>Magwood</u> -- joined by Chief Justice Roberts, and Justices Ginsburg and Alito -- a portion of which reflected on the impact of the <u>Magwood</u> 28 U.S.C. § 2254 decision on 28 U.S.C. § 2255 motion adjudication. In one passage he reflected:
> The conclusion that such an application is barred as "second or successive" unless the claim was previously unavailable is consistent with the approach of every court of appeals that has considered the issue, although some of those cases highlight subtleties that are not relevant under

5

a decision applying Magwood to a 28 U.S.C. § 2255 motion reasoning that the "term 'sentence' in § 2255(a)… does not have a materially different meaning than the term 'judgment' in § 2254(b)" and concluding "that the rule stated in Magwood applies to § 2255 motions." Johnson v. United States, __ F.3d __, __, 2010 WL 3928861, *2 (2d Cir. Oct. 8, 2010).[3] What is more, the Panel explained vis-à-vis the § 2244(b) concern arising from a subsequent challenge to the un-amended portion of a federal judgment:

> We must also determine whether Magwood applies in a situation where, as here, a prisoner who successfully challenged his judgment of conviction in a prior § 2255 motion files a subsequent § 2255 motion challenging unamended portions of his underlying conviction and sentence. Because the petitioner in Magwood challenged only his sentence in the § 2254 petition he filed after his amended judgment, the Supreme Court explicitly declined to address the question of whether its reading of 28 U.S.C. § 2244(b) "would allow a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting, new sentence, but also his original, undisturbed conviction." Magwood, 130 S.Ct. at 2802. Under Magwood, however, where "there is a new judgment intervening between the two habeas petitions, ... an

---

abuse-of-the-writ principles. See, e.g., Pratt v. United States, 129 F.3d 54, 62-63 (C.A.1 1997); Galtieri v. United States, 128 F.3d 33, 37-38 (C.A.2 1997); United States v. Orozco-Ramirez, 211 F.3d 862, 871 (C.A.5 2000); Lang v. United States, 474 F.3d 348, 351-353 (C.A.6 2007). While most of these cases arose in the context of federal prisoners' challenges to their convictions or sentences under 28 U.S.C. § 2255, the "second or successive" bar under § 2244(b) applies to § 2255 motions. See § 2255(h) (2006 ed., Supp. II).

130 S.Ct. at 2806. It seems that in the dissenters' view the principle in the Magwood majority decision would apply equally to § 2255 motions and the § 2244(b) determination. Further on in the dissent, Justice Kennedy reflected on a rather awkward tension between review limitations for repeat direct appeals of federal convictions and the availability of subsequent habeas review of claims that could have been raised in proceedings prior to the amended judgment.

> The Court's new exception will apply not only to death penalty cases like the present one, where the newly raised claim appears arguably meritorious. It will apply to all federal habeas petitions following a prior successful petition, most of which will not be in death cases and where the abusive claims the Court now permits will wholly lack merit. And, in this vein, it is striking that the Court's decision means that States subject to federal habeas review henceforth receive less recognition of a finality interest than the Federal Government does on direct review of federal criminal convictions. See United States v. Parker, 101 F.3d 527, 528 (C.A.7 1996) (Posner, C.J.) ("A party cannot use the accident of a remand to raise in a second appeal an issue that he could just as well have raised in the first appeal because the remand did not affect it").

Id. at 2810. Ramirez-Fernandez's situation adds an extra twist, though, because he only obtained the proffered documentation well after the § 2255(f)(1) year ran subsequent to the entry of the amended judgment.

[3]   I found only one other federal decision that applied Magwood in the context of a § 2255 proceeding, and this application was a footnote aside in an unpublished decision, but it does highlight the "new judgment" similarity between Ramirez-Fernandez's case and that of Magwood's. See United States v. Kenney, No. 01-4318, 2010 WL 3279172, 3 (3rd Cir. Aug. 20, 2010) (unpublished).

> application challenging the resulting new judgment is not 'second or successive' at all." Id. (internal quotation marks omitted). And the Supreme Court has previously stated that "[a] judgment of conviction includes both the adjudication of guilt and the sentence." Deal v. United States, 508 U.S. 129, 132 (1993). It follows that, where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both.
>
> Applying Magwood, Johnson's proposed § 2255 motion would not be successive because it is his first § 2255 motion challenging the amended judgment of conviction. A different result is not warranted by the fact that Johnson's claims could have been raised in his prior § 2255 motion or the fact that he effectively challenges an unamended component of the judgment. In light of Magwood, we must interpret successive applications with respect to the judgment challenged and not with respect to particular components of that judgment. See Magwood, 130 S.Ct. at 2797, 2802.

Id. at *3-4 (footnote omitted). The United States in Johnson conceded that, as a consequence of Magwood, Johnson's third § 2255 motion should be treated as a first. Id. at *4 n.6.

As already clarified, I am required to follow the First Circuit's decision on Ramirez-Fernandez's application to file a successive petition as binding on this court vis-à-vis this defendant unless directed otherwise by the First Circuit. As matters now stand this court lacks jurisdiction to hear this case under 28 U.S.C. § 2244(a) and Pratt v. United States, 129 F.3d 54 (1st Cir. 1997). See id. at 75 ("AEDPA's prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.").

For the reasons stated above, I recommend that the Court dismiss Ramirez-Fernandez's current 28 U.S.C. § 2255 motion. Furthermore, even if this petition is not a second or successive petition, my tentative read of the merits of this § 2255 petition is that Ramirez-Fernandez's certification from the Cuban government at this late date does little to change the evidentiary

calculus in terms of the sentencing judge's decision.[4]

Nevertheless, I further recommend that the court should consider granting a certificate of appealability in the event that Ramirez-Fernandez files a notice of appeal because there is conceivably a substantial showing of the denial of a constitutional right[5] within the meaning of 28 U.S.C. § 2253(c)(2) that could require this court to correct its sentence, although there is an insufficient evidentiary basis to conclude that no reasonable factfinder would have found defendant guilty of the offense, as required by 28 U.S.C. § 2255(h)(1). The certificate of appealability would necessarily be limited to the issue of whether, under the principles enunciated in Magwood and the factual circumstances of this case, this court has jurisdiction to entertain the merits, or lack thereof, of Ramirez-Fernandez's petition under 28 U.S.C. § 2255(f)(4) in light of the First Circuit's denial of leave to file a second or successive petition.

NOTICE
A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 12, 2010.

---

[4] It is, of course, premature to attempt to analyze the impact of this certificate from Cuba on the actual sentence imposed in this case because none of those records are readily available to the court and the sentencing judge is no longer actively working in the court. It seems to me highly unlikely that a certificate produced by the current government of Cuba in this context would have significant evidentiary weight in the context of the drug trafficking offense for which the defendant was sentenced.

[5] Ramirez-Fernandez does not begin to articulate his claim in terms of denial of a constitutional right, but conceivably the issue could be framed in such terms -- for instance, as a violation of his constitutional right to avail himself of habeas relief to correct his sentence in light of newly discovered evidence.